IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DON WAYNE MCKINNEY,<br>    Plaintiff, | Civil Action No. 7:05-cv-00255 |
| v. | MEMORANDUM OPINION |
| JUDGE JOHN KILGORE, et al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Don Wayne McKinney, proceeding pro se, submits four complaints brought under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. As all of the complaints allege similar claims against different defendants, the court will file them together as one civil action. However, inasmuch as the court finds that McKinney's allegations fail to state any claim upon which he is entitled to relief, his action must be dismissed without prejudice, pursuant to §1915(e)(2). Under this provision, the court may dismiss an action filed in forma pauperis at any time for failure to state a claim upon which relief may be granted or if the defendant is immune to suit.

I.

McKinney is currently confined at the Southwestern Virginia Mental Health Institute in Marion, Virginia. He states that he has been wrongfully confined in a mental hospital for more than eleven years, after he was found not guilty by reason of insanity on a criminal charge. In these complaints, McKinney sues three state court judges;[1] two Commonwealth's Attorneys from Wise County, Virginia; Dr. Colin Barrom and Dr. James Vesce of Marion, Virginia; the Department of Mental Health, Mental Retardation and Substance Abuse Services (DMHMRSAS); Southwestern

---

[1] These judges are: John Kilgore, James C. Robertson, and Robert Stump.

1

Virginia Mental Health Institute (SWVMHI); and Berlin Skeen, McKinney's defense counsel. McKinney seeks $1,000,000 in monetary damages and his release from confinement.

McKinney complains that although he was in Lee County when he was charged, his case was adjudicated in Wise County. He asserts that he first entered a plea of not guilty and was scheduled for trial, that authorities held a hearing outside his presence to find that his mental illness was the cause of his offense conduct, and that thereafter, a judge "pled [him] not guilty by reason of insanity when a mental illness did not cause [him] to say what [he] did to [the victim]." McKinney avers that the victim (the man he is convicted of threatening) is dishonest with his clients and misinterpreted McKinney's comments as a threat, causing McKinney to be wrongfully confined in mental institutions. McKinney states that it is cruel and unusual punishment for him to be confined in a mental institution for something he did not commit and that he never had a chance to prove that he was innocent or that mental illness did not cause his offense conduct.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Judges and prosecutors acting within the scope of their duties in the judicial process are absolutely immune against claims for monetary damages under §1983. Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir.1994) (citing Dennis v. Sparks, 449 U.S. 24, 28-32 (1980)); Imbler v. Pactman, 424 U.S. 409, 430 (1976)(prosecutor protected by absolute immunity against civil damages for activities "intimately associated with the judicial phase of the criminal process"); Taylor v. Kavanaugh, 640 F.2d 450, 452 (4th 2d Cir. 1981)(absolute immunity covered prosecutor's activities

2

in plea bargaining context). Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under [ §1983] , whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). The Commonwealth and its departments and agencies, like any state, are not a "persons" within the meaning of §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

When a defendant in Virginia is found not guilty by reason of insanity, he is committed involuntarily to the custody of the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services ["the Commissioner"], pursuant to Virginia Code §19.2-182.2, et. seq. Every six months he is scheduled for a court review of the continuation of his confinement. §19.2-182.5. Two court-appointed mental health professionals evaluate the acquittee's current mental health and assess whether his condition still requires hospitalization or makes him suitable for release to the community. Thereafter, the court conducts a hearing and either issues a new commitment order or releases the defendant.

To challenge confinement under a state court judgment, a petitioner must pursue habeas corpus relief under 28 U.S.C. §2254. This statute requires that a petitioner must first exhaust his available court remedies in the courts of the state that ordered him confined. §2254(b). A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to §2254, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution

of the length of his confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does concerns the fact or length of confinement, then the proceeding is in habeas. Todd, supra.

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97 (1976), but questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Mere negligence in diagnosis or other types of medical malpractice do not present a federal constitutional claim. Estelle, 429 U.S. at 105-106.

### III.

Apparently, at each of his mental health review hearings over the last eleven years, the court has found McKinney to be mentally ill and unsuitable for release and has renewed his commitment to the custody of the Commissioner. Accordingly, he is no longer confined on the original commitment that stemmed from the court's finding that he was not guilty by reason of insanity more than eleven years ago. Instead, he is now confined under the most recent decision that his confinement should be continued. Thus, to the extent that he seeks release from confinement, he must proceed by filing a state court habeas corpus action challenging the last state court judgment of commitment. If the state court rules against him, he may then file a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, in this court. As he fails to demonstrate that he has filed a state court petition, this court will not construe his current pleadings as §2254 petitions or grant his requests for release from confinement.

Upon review of the complaints, the court also cannot find that McKinney has alleged facts

4

stating any claim upon which he would be entitled to monetary damages under §1983. He does not allege any specific actions undertaken by the doctors to cause him to be wrongfully confined. Even assuming that he believes these doctors wrongfully diagnosed him as mentally ill, his disagreement with their diagnoses does not give rise to any constitutional claim. To the extent that he wishes to sue them for their allegedly wrongful diagnoses, such claims arise, if at all, under state law and are not actionable under §1983.

The other defendants he names are not subject to suit for damages under §1983 for one reason or another. The SWVMHI and DMHMRSAS, as agencies of the Commonwealth of Virginia, are not persons under the meaning of §1983. The judges and the prosecutor named as defendants are immune from suit for monetary damages, based on their actions related to the judicial proceedings leading to McKinney's confinement. Therefore, McKinney cannot recover money from any of them. Similarly, the private attorney McKinney names cannot be liable to him for monetary damages under §1983, as this attorney did not act under color of state law in representing McKinney. Based on the foregoing, the court will file and dismiss McKinney's complaints without prejudice, pursuant to §1915(e)(2), for failure to state a claim upon which relief can be granted. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 29th day of April, 2005.

/s/ James C. Turk
Senior United States District Judge